AGUIRRE & THILLET, ETC., Plaintiff and Appellee, *v.* GUILLERMO CABÁN, Defendant; and GERVASIO SÁNCHEZ GONZÁLEZ ET AL., Defendants and Appellants.

No. 8472. Argued December 15, 1942.—Decided January 15, 1943.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellants. *Francisco M. Susoni, Jr.,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

This case involves the conditional sale of an automobile to a vendee, who executed a series of instalment notes in payment therefor. The appellants, who were sureties on the said notes, contend that the district court erred in entering judgment against them in an ordinary suit for collection of the amount of the instalment notes remaining unpaid.

Appellants' only defense was that they entered into an express agreement with the vendor whereby they would obtain the car from the vendee and deliver it to the vendor, who would repair and sell the car, and apply the proceeds to the notes, with the understanding that they would remain obligated for the balance if any existed after the sale; that they so delivered the car, but that the vendor, although remaining in possession of the car for a number of months, has failed to sell it.

The appellants argue strenuously and cite numerous authorities in support of their contention that the vendor was required to resell the automobile which it repossessed within the statutory period (§§6 and 8 of Act No. 61, Laws of Puerto Rico, 1916, as amended, found in the Civil Code (1930

ed.) at pp. 413, 415, 419), or if the statute does not apply to extrajudicial repossesion, within a reasonable time; and that in the absence of such resale, the vendee's sureties are not obligated for the remainder of the purchase price.

But the appellants' argument is based on a fact which the district court found did not exist; namely, the reposession of the car by the vendor.

The district court found, on the basis of conflicting testimony, not that the vendor had repossessed the car, but that it had been turned over by the sureties to a garageman named Barreras "with the consent of the plaintiff Thillet in the hope that the former [Barreras] would repair it and try to obtain the best price possible as a method of helping the defendant sureties to make less onerous their obligation to the plaintiff". We therefore see no point in passing on the alleged election of remedies and the alleged requirement of prompt resale resulting from repossession by a conditional vendor.

The district court having found, in effect, that Barreras was the agent of the appellants, his failure to repair and to sell the car and to remit the proceeds to the vendor is not a proper defense to an ordinary suit for collection of the obligation secured by the appellants.

■ There was no error in permitting the appellee to be substituted for the original vendor, in view of the proof that the appellee had acquired the chose in action herein by assignment.

The judgment of the district court will be affirmed.